**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **LAURA COLÓN DÍAZ** | **CIVIL NO.** |
| Plaintiff, | |
| vs. | **RE: TITLE VII, GENDER; ADEA, AGE EMPLOYMENT AND POLITICAL DISCRIMINATION; RETALIATION; CIVIL RIGHTS VIOLATION, 42 U.S.C. § 1983** |
| **MUNICIPALITY OF SAN JUAN; CARMEN MORANT,** *in her official and personal capacity as Human Resources Division Manager Area of Labor Development of the Municipality of San Juan*; **ABC INSURANCE COMPANIES, DEF UNKNOWN DEFENDANTS** | **REQUEST FOR SUMMARY PROCEEDINGS UNDER 42 U.S.C. § 2000e-5(f)(5)** |
| Defendants. | PLAINTIFF DEMANDS TRIAL BY JURY |

# C O M P L A I N T

**TO THE HONORABLE COURT:**

COMES NOW Plaintiff Laura Colón Diaz ("Colón"), through her undersigned counsel, and very respectfully **ALLEGES, SOLICITS and PRAYS:**

## I. NATURE OF THE ACTION AND JURISDICTION

1.      Plaintiff Colón invokes this Honorable Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 for this civil action seeking compensatory damages, salaries not earned (back and front pay), equitable and injunctive relief to be named to the career service position of Executive Official, costs and attorney's fees brought forth pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act of 1967,  29 U.S.C. §§ 621-634 ("ADEA"); and under 42 U.S.C. § 1983 as a result of Defendants  Municipality of San Juan's, ("MSJ") and its agent, Carmen Morant's

Complaint
Colón v. Municipality of San Juan *et al.*
Page 2

("Morant"), continuous  unlawful and willful unlawful employment practices (gender, age, political discrimination and  retaliation). Defendants MSJ and Morant engaged in multiple continuous violations of Colón's civil rights due to her age,  gender, political discrimination and retaliation because she engaged in several statutorily  protected activities under Title VII, ADEA and the First Amendment to the United States of America's Constitution as well as the Commonwealth of Puerto Rico's Constitution and laws  cited to herein.

2.    Defendants MSJ and Morant violated Colón's constitutional rights to work in a workplace free from political discrimination in violation of her United States Constitution's First and Fourteenth Amendments rights and the Commonwealth of Puerto Rico Constitution's Bill of Rights.    In so doing, Defendants MSJ and Morant infringed Colón constitutional property right to her continued career service employment by their continued deliberate failure of not reclassifying her to the appropriate job classification she was entitled to in violation to the principle of merit.  *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985) (recognizing a constitutional property right to public employment by a career service employee).

3.    Defendants MSJ's and Morant's violations of Colón's civil rights arise from their repeated failure to properly reclassify Colón's job classification as a career service employee. Such unlawful discriminatory and retaliatory employment practices caused severe emotional, mental, and economic damages to Plaintiff Colón.

4.    Plaintiff Colón further invokes this Honorable Court's supplemental jurisdiction under 28 U.S.C. § 1367 to hear and decide those claims arising under the Commonwealth of Puerto Rico laws invoked herein because such claims arise from the same nucleus of operative facts giving rise to Colón's claims under the stated federal employment discrimination laws.

5.    Plaintiff Colón also asserts the Honorable Court's supplemental and pendent party jurisdiction to hear and adjudicate her claims against all named party defendants arising under

Complaint
Colón v. Municipality of San Juan *et al.*
Page 3

the following Puerto Rico Laws: Act No. 115 of December 20, 1991, 29 L.P.R.A. §§ 194 et seq., amended; Act No. 69, of July 6, 1985, 29 L.P.R.A. §§ 1321- 1341, as amended; Article II, Sections 1, 8, and 16 of the Commonwealth of Puerto Rico's Constitution; Articles 1536, 1540 of Puerto Rico's Civil Code, 31 L.P.R.A. §§ 10801, 10805 (2020) and Act No. 8 of February 4, 2017, 3 L.P.R.A. §§ 1469-1477, as amended.

6.    On or about August 22, 2024, Colón timely filed an Employment Discrimination and Retaliation Charge with the U.S. Equal Employment Opportunity Commission ("EEOC") San Juan, Puerto Rico Office, Case No. 515-2024-00491, claiming gender, age, political discrimination, and retaliation.

7.    On August 29, 2024, Colón filed an Amended Employment Discrimination Charge before the EEOC due to her employer's continued discriminatory employment practices. On September 5, 2024, Colón filed a Second Amended Employment Discrimination before the EEOC. Subsequently, on September 16, 2024, Colón filed a Third Amended Employment Discrimination Charge. Lastly, on November 20, 2024, Colón filed a Fourth Amended Employment Discrimination Charge before the EEOC, claiming continued employment discrimination and retaliation.

8.    On December 2, 2024, Colón, through her undersigned counsel, sent an extra judicial demand letter to the Honorable Miguel A. Romero Lugo, as Mayor of San Juan and as MSJ's Nominating Authority, seeking redress for Colón's damages resulting from the employment discrimination due to her age, gender and political affiliation. The stated extrajudicial demand was received by Defendant Municipality of San Juan on December 3, 2024.

9.    The December 2, 2024 extrajudicial demand letter effectively interrupted all the statutory prescriptive time periods of all the Federal and Commonwealth of Puerto Rico laws claims that have been raised in the present Complaint.

Complaint
Colón v. Municipality of San Juan *et al.*
Page 4

10.    On February 6, 2025, the EEOC issued and notified its Dismissal and Notice of Right-to-Sue so that Colón could continue to pursue her employment discrimination and retaliation claims before this Honorable Court. On February 6, 2025, Colón received the stated Notice of Right-to-Sue.

11.    In a timely manner after receipt of the above-mentioned Right-To-Sue Notice, Colón files the present federal lawsuit claiming violations to Title VII, ADEA, 42 U.S.C. § 1983 and the Commonwealth of Puerto Rico's Constitution and laws that have been cited too herein.

12.    Colón seeks redress for the damages she suffered and continues to suffer as a result of the Municipality of San Juan's and Morant's continuous unlawful employment discrimination on the basis of her gender, age, political beliefs, violations to her First and Fourteenth Amendment's constitutional rights and for retaliation because she engaged in various statutorily protected activities by opposing unlawful employment practices, among others, described herein below.

13.    Plaintiff Colón's federally protected rights have been violated by Defendants MSJ and Morant, for which she invokes 42 U.S.C. § 1983 seeking redress for defendants' violations of her federally protected rights.

14.    As such, Colón invokes this Honorable Court's federal question jurisdiction to vindicate the violations of her federally protected rights arising under the United States of America's Constitution's Bill of Rights. *See Marrero-Saez v. Municipality of Aibonito*, 668 F.Supp.2d 327 (DPR 2009); *Kusper v. Pontikes*, 414 U.S. 51, 56–57 (1973); *Cortes-Reyes v. Salas Quintana*, 608 F.3d 41, 48 (1st Cir. 2010) (The First Circuit has remarked that the freedom to support a particular political party is "integral to the freedom of association and freedom of political expression that are protected by the First Amendment."); *Gil v. Commonwealth of Puerto Rico,* Civ. No.13-01309 (District Court Puerto Rico, August 31, 2015).

Complaint
Colón v. Municipality of San Juan *et al.*
Page 5

15.    Defendant MSJ's unconstitutional policies and customs caused Plaintiff Colón's economic damages as she was improperly reclassified to a job position other than the one she was rightfully entitled to, which in turn, caused her emotional damages.

16.    As a governmental body, the Municipality of San Juan's official policy and customs in this case were responsible for Colón's deprivation of her civil rights protected by the United States Constitution.

17.    The Municipality of San Juan's policymakers and official policies involving the reclassification process of Colón's job position caused the violation of her constitutional rights. The prevalence of the Municipality of San Juan's official illegal discriminatory policy involving Colón's reclassification process and ensuing actions were ratified by the former Executive Director, Frances Ortiz, the official with final decision-making authority of the program where Colón works at or by the Mayor of San Juan, as its Nominating Authority. Furthermore, the Municipality of San Juan has customarily tolerated or acquiesced to violations of federally protected rights.

18.    The Municipality of San Juan's final policy makers, decision makers and agents concurred in the longstanding practice of political discrimination that constitutes its standard operating procedure.

19.    As further pleaded herein, Plaintiff Colón's constitutional rights have been violated by the Municipality of San Juan's human resources policies and as part of its continued established widespread past practice customs. The Municipality of San Juan's policymaking officials have demonstrated a deliberate indifference or have tacitly authorized its unconstitutional conduct even after Plaintiff Colón notified such officials of the challenged misconduct.

20.    Colón's federal constitutional rights as a career service public employee have been systematically violated in a series of incidents throughout her job reclassification requests and

Complaint
Colón v. Municipality of San Juan *et al.*
Page 6

processes. Plaintiff Colon's First Amendment associational rights and the right to be free from discrimination on account of her political opinions or beliefs as a career service employee of the Municipality of San Juan were violated by Defendants. *See e.g. Torres v. Industrial Commission of Puerto Rico,* Civ. No.05-cv-01202 (District Court Puerto Rico, October 19, 2005).

21.    Defendant Carmen Morant, as a MSJ employee and acting under color of state law, was directly involved and participated in Colón's job reclassification process.

22.    Defendants MSJ and Morant have also violated Puerto Rico's Law for the Administration and Transformation of Human Resources for the Government of Puerto Rico.  Act No. 8 of February 4, 2017, 3 L.P.R.A. §§ 1469-1477. Section 2.1 5 of Act No. 8, provides that its purpose is: "That every employee within the Human Resources System of the Government of Puerto Rico **be selected,** trained, **promoted, and retained in their employment based on merit, knowledge, and ability without discrimination based on** race, **sex**, origin, social status, **political** or religious **beliefs**, **age**, color, birth, sexual orientation, gender identity, being a victim or perceived as a victim of domestic violence, sexual assault, stalking, being a veteran, or having any physical or mental disability."  (Emphasis added).

23.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) (1), (2). Venue is proper in this district because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this judicial district of Puerto Rico. 28 U.S.C. § 1391(b).

24.     Plaintiff Colón further specifically invokes 42 U.S.C. § 2000e-5(f)(5) to request that her Title VII claims in this case to be in every way expedited.

## II. THE PARTIES

25.    Plaintiff Colón is a female citizen of the United States of America, of legal age, and resident of Juncos, Puerto Rico. As a female, Colón is within Title VII 's protected gender group.

Complaint
Colón v. Municipality of San Juan *et al.*
Page 7

26.     Plaintiff Colón was born on October 3, 1981. At the time of the occurrence of the discriminatory acts perpetrated by Defendants against her, Colón was and currently is, within ADEA's protected age group. At present, Colón is forty-three (43) years of age.

27.     Plaintiff Colón is a member of and politically affiliated with the Popular Democratic Party ("PPD", in its Spanish acronym).

28.     At all relevant times of the facts alleged in this Complaint, Colón was an employee within Title VII's protected class.

29.     At all the relevant times of the facts alleged in this Complaint, Colón was also an "employee" within the definition of such terms as defined by Title VII, 42 U.S.C. § 2000e(f), and by the ADEA, 29 U.S.C. § 630(b). Colón was also an "employee" within the definition of such terms as provided by the Commonwealth of Puerto Rico's Constitution and laws that have been invoked herein.

30.     Defendant MSJ is considered a "person" within the meaning of such term as provided by Title VII, 42 U.S.C. § 2000e(a).

31.     At all times relevant to this Complaint, MSJ was engaged in an "industry affecting commerce" within the meaning of such term as provided by Title VII, 42 U.S.C. § 2000e (h).

32.     At all times relevant to this Complaint, MSJ was also an "employer" within the meaning of such term as provided by Title VII, 42 U.S.C. § 2000e(b); by the ADEA, 29 U.S.C. § 630(b) and by the laws of Puerto Rico that have been invoked herein.

33.     At all times relevant to this Complaint, MSJ employed fifteen (15) or more employees.

34.     At all times relevant to this Complaint, MSJ employed Plaintiff Colón. As such, MSJ was and currently is Colón's employer.

Complaint
Colón v. Municipality of San Juan *et al.*
Page 8

35.     At all times relevant to this Complaint, the Mayor of San Juan was and currently is the Hon. Miguel Romero Lugo. The Nominating Authority of the Municipality of San Juan is the Hon. Miguel Romero Lugo, and he is a high-ranking member of the New Progressive Party ("PNP') and part of its directorate.

36.     At all times relevant to this Complaint, Defendant Carmen Morant was a public official, an employee of the Municipality of San Juan and was acting under the color of state law. Defendant Morant is being sued in both her official and personal capacities.

37.     At all times relevant to this Complaint, Defendant Carmen Morant was a member of the PNP.

38.     At all times relevant to this Complaint, both Defendants MSJ and Carmen Morant knew of Plaintiff Colón's opposing political beliefs and affiliation with the PPD. As further pleaded in this Complaint, both these defendants' knowledge of Plaintiff Colon's partisanship was the substantial or motivating factor in the adverse employment job reclassification Colón was the subject of.

39.     Defendants ABC Insurance Companies have insurance policies which at all times relevant hereto were in full effect and cover the liabilities and/or unlawful acts which were committed by MSJ and its agents.

40.     Plaintiff Colón is using the fictitious names of ABC Insurance Companies because at this time she does not know the real names of such insurance companies. Once the real names become known, Plaintiff Colón will substitute those fictitious names with the real names of such party defendants.

41.     Defendants DEF are other parties that have engaged in unlawful acts against Colón. Plaintiff Colón is using the fictitious names of DEF because at this time she does not know

Complaint
Colón v. Municipality of San Juan *et al.*
Page 9

the real names of such party defendants. Once the real names become known, Plaintiff Colón will substitute those fictitious names with the real names of such party defendants.

42.    All defendants have received actual knowledge of Colón's administrative charge filed with the EEOC, Case No. 515-2024-00491, and its subsequent amendments.  All Defendants and their agents have jointly participated in continuous acts of unlawful employment discrimination and retaliation against Colón on account of her gender, age, political affiliation, and because she engaged in statutorily protected activities by grieving, denouncing, opposing unlawful employment practices in gross violation of the Federal and Puerto Rico laws cited too herein.

43.    All defendants are jointly liable for the damages caused to Plaintiff Colón.

### III. <u>FACTUAL NARRATIVE COMMON TO ALL CLAIMS</u>

44.    Plaintiff Colón is currently a public career service employee with the MSJ working since January 16, 2014, as an Administrative Assistant in the Local Area of Labor Development of the Municipality of San Juan. Such areas receive federal funding under the Workforce Innovation and Opportunity Act ("WIOA"). This Local Area is assigned to the Workforce Development of MSJ.

45.    During the month of November 2013, Mrs. Iraida Hornedo Camacho, Executive Director of the Local Area of San Juan, requested that Colón be evaluated for the position of Auxiliary Director.   Even though Colón qualified for this position due to her job experience and knowledge, she did not qualify for this position as she had not yet obtained her bachelor's degree, even when she had 136 credits for a bachelor's degree in special education with Communications Problems.

46.    For such reason, Colón was not appointed to such position. However, one of those positions that she qualified for was the position of Administrative Assistant, a position with Grade

Complaint
Colón v. Municipality of San Juan *et al.*
Page 10

Scale of Eleven (11).  On January 20, 2014, Colón was assigned by the Executive Director, Iraida Hornedo Camacho, as Acting Division Manager in charge of One Stop Career Center, Counselling Area and the Youth Program.

47.    When the change in the political administration of MSJ took place in January 2021, Colón was working remotely due to the COVID-19 pandemic. At that time, Mr. Jose A. Fuentes, Assistant Director, then became in charge of the office until a new Executive Director was appointed. During February 2021, Mrs. Frances Ortiz Molina was named Interim Executive Director.

48.    On May 19, 2021, Colón was informed by Mrs. Ortiz Molina that there were going to be changes, but not in her work duties, and that she was going to be removed from her office and placed in a desk within the Employer's Unit continuing her same duties because her office was going to be used as a storage area. However, her former office space was never used as a storage area. Instead, they put another employee there.

49.    Ever since Colón started working, she always had an assigned office space as she constantly collaborated with the Executive Director. During the month of May 2021, Colón requested from the Executive Director one or two steps merit increases because she had been assigned more tasks than before that were not in her job description. The Director replied that she wished she could do so, but that there were insufficient funds, and that Colón should wait until her alimony for her children was adjusted.

50.    However, during such time, Nitza Román had been reclassified to Colón's position of Administrative Assistant in the Finance Unit and Román performed less duties than Colón but was assigned a salary higher than hers. Another employee named Blanca Burgos, was also reclassified to Group Leader in charge of the One Stop Career Center; she was given a substantial raise, despite not knowing how to perform the position's duties. It is noteworthy to

Complaint
Colón v. Municipality of San Juan *et al.*
Page 11

report that she had recently been reclassified as an occu pational counsellor, and she had never supervised any personnel. This becomes even more significant considering that Plaintiff Colón was effectively executing a substantial part of the responsibilities assigned to her. It is also relevant to note that both individuals are affiliated with the New Progressive Party ("PNP"). During this time, the office's Executive Director, Mrs. Frances Ortiz, recruited new personnel who had no prior specialized work knowledge, and they were given salary increases based on specialized knowledge which they did not possess, via exceptions and differentials.

51.    Some of these employees included Pedro Velázquez (Chauffeur given a pay differential); Cherliz Castillo (Office Systems Administrator), was given salary merit increases based on exceptions; Andrea Ortiz (Administrative Supervisor) was given a pay differential; Iris Medina (Administrative Official II) was given pay increases via exception; Ángel Caraballo (Special Assistant) was given merit steps based on exception; Rafaela Baseiro (Special Assistant) was given merit steps based on exception; Amy Rey (Accountant I); and Carmen Morant (HR Division Manager), were given merit increases via exception; Miguel Pérez (Chauffeur) Lisandra Carrasquillo, Brendaliz Velázquez, José Porrata, Karoline Rivera, Verónica Martínez, Armando Malavé, among others, were given pay increases. All these employees are members of the PNP.

52.    These employees did not possess knowledge of the federal law which Colón and the rest of her colleagues work with, nor with the program.  Eight (8) of these employees are younger than Colón.

53.    On June 1, 2021, Colón was assigned by Mrs. Frances Ortiz additional duties that were supposed to have been performed by other employees at the office. Colón continued performing these additional tasks until August 1, 2022, when she was moved to another area

Complaint
Colón v. Municipality of San Juan *et al.*
Page 12

located on the second floor where she would be closer to the Executive Director since Colón collaborated directly with her and conducted her instructions.

54.    During the month of July 2022, Zilha Seary Conde, Executive Official, further assigned Colón additional work duties to the ones she had been performing that were assigned to her by the Executive Director.  These duties were added to those duties stated in her job description.  According to Seary Conde, these additional duties were to justify a salary increase that was going to be put in place in the Work Specification Program for the years 2023-2024.

55.    In August 2022, Iris Medina, who worked in the Executive Director's office as an Administrative Official, requested from the duties she was currently performing in order to give them to Carmen Morant, Human Resources Division Manager of the Department.  After Colón provided her job duties to Medina, she followed up on this matter with Carmen Morant and she informed Colón that the Executive Director had assigned her several numbered tasks and that she hadn't started with number one yet, and Colón then replied that she was probably number 25. Colón continued performing these additional duties without extra compensation, in violation to the merit principle.

56.    During the month of July 2023 program year when the salary increases were to be put into effect according to the Specification Program, Colón still did not receive any response to her repeated requests for a salary increase. Every time she followed up with Carmen Morant, she was given a different response and was not compensated with her past due salary increase.

57.    During January 2024, the Mayor of San Juan gave a $150.00 salary increase to all municipal employees, however, Colón never received a response to her requested salary increase for the additional work duties that she was performing.

58.    During the last four years, Colón has been performing additional work duties that were delegated to her, many of which correspond to her work colleagues. As of such date, Colón

Complaint
Colón v. Municipality of San Juan *et al.*
Page 13

has been waiting for three (3) years for a salary increase based on her work knowledge and additional work duties that were assigned to her as the reason to justify her salary increase.

59.     Since December 2023, when the Executive Director Mrs. Frances Ortiz, knew about the retirement of Lydia Acevedo (Special Assistant), a position that Colón had been performing for the last ten (10) years, the Executive Director informed Colón that once she obtained her bachelor's degree, she would be evaluating Colón for this Special Assistant position.

60.     In February 2024, Frances Ortiz had advised Colón that once she obtained her bachelor's degree, she would be evaluated for a job reclassification. On February 28, 2024, Colón completed her college degree.

61.     On March 8, 2024, Colón sent her credentials, resume, college transcript and the job duties performed to Carmen Morant and Frances Ortiz. These documents were requested, authorized and discussed with the Executive Director, Frances Ortiz, prior to being formally requested, with the intention that Carmen Morant submit them to the Municipal Human Resources Office for evaluation.

62.     On April 16, 2024, Colón went to Carmen Morant's office to follow up with her job reclassification request, yet Morant informed her that her case had not been worked on because Colón did not have a job designation letter in her personnel file from the time, she oversaw the areas and performed supervisory duties. That there were more cases pending, and that the Executive Director had assigned her numbers to them, and she had not even started working with the number one. That she knew she had to work on them, but she was pending appointments of new employees, and she had to finish with that first before working on Colón's reclassification.

63.     While this was going on, Carmen Morant had been working on Iris Medina's case, which had not been previously assigned, and others such as Evelyn Cruzado and Teresa Pagán, and further evaluated Ángel Caraballo for the Executive Official's post that was vacant after Zilha

Complaint
Colón v. Municipality of San Juan *et al.*
Page 14

Seary resigned. All these cases involved job reclassifications. Mr. Caraballo's case was initially for a salary increase due to having additional tasks and not for a job reclassification, yet Colón's job reclassification request was not being worked on and was never evaluated for a salary increase due to all the additional tasks neither. In the case of Ángel Caraballo, he is younger than Colón.

64.    On April 18, 2024, Colón located the designation letter requested by Morant, as well as emails and organizational charts from various years in which she supervised personnel and had several areas in charge. All this documentation was presented to the Executive Director Frances Ortiz and subsequently emailed to Morant.

65.    On April 29, 2024, Colón received an email from Morant requesting her to complete her SP1 job description in order to be evaluated by the Human Resources Office of the MSJ. On May 1, 2024, Colón sent to Morant the completed SP1 form and on May 2, Morant informed her that she should correct such form to inform certain time related information. Colón corrected the form and sent it back to Morant that very same morning of May 2, 2024.

66.    On May 7, 2024, Colón visited Morant's office to follow up on her job reclassification request, but Morant was unable to meet with Colón. On May 23, 2024, Morant sent Colón a text message stating that during the following week she would be meeting with her to discuss her job description. Colón responded to her that she had been ill at the hospital and on May 28, 2024, she responded that they would be meeting on Thursday or Friday of that week. However, no meeting was held so Colón followed up with Morant on June 5, 2024, when Colón personally went to her office, but she informed her that she would be calling Colón later on, yet Morant never did.

67.    On June 6, 2024, Colón again followed up with Morant via email asking her when they could meet and discuss Colón's SP1 job description. Colón further advised Morant that she

Complaint
Colón v. Municipality of San Juan *et al.*
Page 15

had gone to her office on two occasions but was unable to meet with her as she had been busy with other matters. Morant replied that she had been taking care of office matters, but that she had put Colón's case on her agenda. Colón then wrote back to Morant requesting her to place her case on her agenda.

68.    On June 7, 2024 at 11:28 am, Colón received an email from Morant explaining to her the reasons why she couldn't meet with Colón earlier and she resent the SP1 form in order for Colón to validate some of her duties that Morant had highlighted in yellow that no one had been performing, and that she had included the Auxiliary Managerial I post. In order for Colón to be evaluated, Human Resources was going to evaluate Colón after she had finished her college degree, and that is why she was recommended for the Auxiliary Managerial I post. In such email, Colón was summoned to meet with Morant on Monday, June 10, 2024 at 10:00am.

69.    On June 7, 2024, Colón validated her job duties that had been highlighted with her annotations related to such duties. On that same date, Colón informed the Executive Director that Morant had not sent the SP1 form to be evaluated and that she felt that Morant had been questioning her duties because she had returned them to Colón on two occasions and felt that Morant was delaying her job reclassification process. The Executive Director informed Colón that she had sent all the required documents to Morant and that Morant had sent them to the Human Resource Office, Colón replied that it was incorrect, that Morant hadn't sent them and was holding them for no reason.

70.    On Monday, June 10 2024, Colón went to Morant's office and met with her, she thanked Colón for validating her job duties. Colón then informed Morant that since she began working for the Municipality of San Juan (on January 16, 2014), she had always worked directly with the Executive Director and that her job responsibilities had been the same as those detailed in her resume and SP1. Colón further informed Morant that the only difference from then until

Complaint
Colón v. Municipality of San Juan *et al.*
Page 16

now was that she supervised personnel and that additional duties had been added by Mrs. Ortiz and Mrs. Seary, in order to justify a salary increase based on additional duties since the year 2022.

71.    Colón further informed Morant that when she was evaluated in 2014 for the job position which Mrs. Hornedo had referred to was for Auxiliary Director, for which Colón informed her that she did not yet qualify for because Colón had not obtained her Bachelor's Degree, but that Colón possessed the knowledge, and the experience required for that position.

72.    Colón then asked Morant as to why she had recommended the Auxiliary Managerial I post when under such classification there are positions I, II and III and inquired as to what criteria she had used to conclude that Colón should be occupying such position and why level I when her job duties were more complex, that she performed more duties and that she already had obtained her bachelor's degree. Morant replied to Colón that according to the Human Resources Department, through an employee named Shagel Buxó, Colón could not be placed at level II or III without first having occupied level I.

73.    When Colón requested from Morant the job description for level I, she observed that such position didn't require academic background, and commented to her that the information she mentioned was provided by the Human Resources Department was incorrect because Colón knew of an employee that had been recruited directly to the position of Auxiliary Managerial II post, without having to go through level I. Another employee that was in an analogous situation was Terry Lastra, who had been an Occupational Counsellor in Colón's office, and went on to occupy the Auxiliary Managerial III position without occupying the two prior levels, and without the required job experience, since the Occupational Counsellor was his first work experience.

Complaint
Colón v. Municipality of San Juan *et al.*
Page 17

74.    Colón further stressed to Morant that she now had a college degree, which was not required for this position, and requested that her evaluation for the job reclassification petition not be limited to just one position, so that Colón could be evaluated for all other positions that Colón qualified for and not be limited to just one. Morant then corrected the SP1 document by erasing the job position and gave it to Colón so she could review it and instructed her to take it directly to the Executive Director to obtain her signature.

75.    During midday of June 10, 2024, Morant was located at Iris Medina's office, and Colón asked her if the required document had already been signed by the Executive Director and she replied that it had been signed and that she already had it, but that she had not been able to send it. On June 12, 2024, Colón asked Morant if she had already sent the document, but she replied that she had not.

76.    On June 17, 2024, after not having response on the sending of the job reclassification document, Colón asked the Executive Director if she had signed the document, and she replied that she had signed it and had handed it to Morant for its transmittal on June 10, 2024. Colón then sent an email to Morant asking if she had sent the SP1 document that they had discussed on June 10, 2024 and if she could send Colón a copy that had already been signed by the Executive Director.

77.    On June 18, 2024, Morant sent Colón an email informing her that the SP1 document was pending to be seen by the Executive Director and once she had signed it, she would be contacting Colón. On that same date, Colón replied to Morant's email expressing her concern because on June 10, 2024, when Colón asked Morant, she replied that the document had already been signed, and the day before when Colón asked the Executive Director, she also informed her that the document had been signed.

Complaint
Colón v. Municipality of San Juan *et al.*
Page 18

78.     Subsequently, on June 28, 2024, Morant approached Colón so that both could go to the Executive Director's office to meet with her. When Colón entered the Executive Director's office, Morant showed her the SP1 document signed by Colón, but it was not signed by the Executive Director, because Morant and the Director had not yet been able to meet to discuss the document. The Executive Director then informed Colón that she had thought that she had signed the document, but with so much work she was unaware that she had not signed it. Immediately thereafter, the Executive Director signed the document and Morant stated to Colón that she didn't want her to believe that she had it against her.

79.     Once the document was signed, Morant then gave Colón a copy and the Executive Director asked Morant if that was all she needed to finally send it for evaluation, and she also asked her if she already had sent Colon's transcript and resume to the Human Resource Department, and Morant replied, that she had already sent them and that she didn't need anything else from her. It's important to state that June 28, 2024, was the last day of Frances Ortiz as Executive Director in the department as she was transferred to another department.

80.     On July 1, 2024, those employees who worked directly with Executive Director Frances Ortiz were summoned and informed that the new interim Executive Director would be José A. Fuentes.   During such date, these employees were notified of the Local Board's resolutions involving work programs and were asked to provide information in order to complete the Job Specification for the 2024-2025 Program Year, setting July 2, 2024, as the deadline. Fuentes requested a detailed status report of pending matters along with recommendations.

81.     On July 4, 2024, Fuentes sent an email where he stated that due to the lack of providing the information requested by the Local Board, it had decided that all information requested had to be complied with within the next 24 hours of the request. On July 8, 2024, Colón

Complaint
Colón v. Municipality of San Juan *et al.*
Page 19

replied to Fuentes' email stating that she had not replied because she understood that this information had already been previously requested and answered on July 1, 2024.

82.     Colón further replied that she had always worked directly with the Executive Director's Office and that all work performed by her was the one requested by Executive Director Ortiz pursuant to the priorities that she had established.  Colón further recommended to Executive Director Fuentes that a meeting should be scheduled so the employees could advise him on the nature of their work and responsibilities. Colón also stated to Executive Director Fuentes that she was at her best disposition to collaborate and to work with him as a team as she had always done previously. Fuentes replied that he was the Executive Director and that he was the one that decides who he was going to meet.

83.     On July 8, 2024, Colón went to Morant's office to grieve about this situation and further inquired about her pending job reclassification request and Morant responded that she had not yet met with Executive Director Fuentes to discuss this or other matters involving Human Resources.  On that same date, Colón received a Notice of Designation that effective July 8, 2024, she was being placed under the supervision of Grisel Beauchamp Méndez, which in turn, was to be in charge of the Programmatic Control Unit. However, this unit did not exist in Colón's office and Executive Director Fuentes had not yet met with Colón and with Beauchamp to explain to her what work and tasks were expected from such unit.

84.     On July 9, 2024, Colón went to Morant's office to grieve about the Notice of Designation that she had received, and Morant informed her that she knew nothing about such notice. Colón further complained to Morant that Executive Director Fuentes had not yet assigned her work and that he had only contacted Beauchamp and José Porrata to assign them work.

85.     On July 16, 2024, Colón asked Morant as to why her SP1 document had not been sent for evaluation when the Former Executive Director Frances Ortiz had instructed Morant to

Complaint
Colón v. Municipality of San Juan *et al.*
Page 20

send it and that she had more than enough time to do so. Morant, visibly annoyed, replied that she did not have an email from Mrs. Ortiz with the authorization to send this to the Human Resource Department Central Office and that she had only sent this document to be placed in Colón's personnel file.

86.     On that same date, July 16, 2024, Colón later received a mail from Morant wherein she sent her the transmittal of Colón's job description, which was signed on June 28, 2024, but was sent on July 3, 2024 to be placed in Colón's personnel file, located at the Human Resources Central Office. Colón replied to  Morant´s email and copied Frances Ortiz stating that it was the first time she heard about not having an email with the authorization to send the documents, that if Mrs. Ortiz had given Morant different instructions after the ones given on June 28 in front of her that she didn't know.

87.     On July 17, 2024, Colón received an email from Morant where she copied José Fuentes, but she did not copy former Executive Director Frances Ortiz. In such email, Colón was instructed that if she wanted to be evaluated for a job reclassification, she should request this to José Fuentes who is the Interim Executive Director, since Frances Ortiz was no longer the Executive Director since July 1, 2024. That same date, Fuentes sent Colón an email indicating that she had to meet with Lydia Acevedo, so that she could explain everything related to the Individual Accounts and assigned Colón to take over the work Lydia Acevedo did, with the Individual´s Accounts, their requests and follow up with the different areas. This was another task added to Colón's responsibilities.

88.     As a result of the foregoing, Colón has been subjected to disparate treatment throughout her job reclassification process based on her age, political affiliation and gender, when compared to younger, less senior and similarly situated employees which are affiliated with the PNP.

Complaint
Colón v. Municipality of San Juan *et al.*
Page 21

89.     Another example of gender, age-based and political discrimination against Colón involved Ángel Caraballo, who is younger, less senior than her, and his job reclassification's request was contemporaneously made with Colón, yet his was rapidly approved, however the process was not concluded, as he resigned for another job. Another example of discrimination against Colón is the case of Iris Medina, who wasn't on the Specification Program for 2023-2024, yet her personnel transaction process was approved quickly, although it was halted upon the Former Executive Director Frances Ortiz' departure from the department.

90.     Colón has been further discriminated against due to her political beliefs in violation to her constitutional rights under the United States Constitution's and the Commonwealth of Puerto Rico's Bill of Rights as the previously mentioned co-workers militate with the New Progressive Party (PNP), while Colón is a member of the Popular Democratic Party (PPD). Colón has been further retaliated against because her job reclassification request has been unduly denied since she has grieved about this delay to her employer, in violation to her constitutional rights.

91.     On August 1, 2024, a new Executive Director, Noel E. Pérez Caballero, was named and Fuentes returned to his former post as Auxiliary Director of the Local Board. The new Director approached Colón to request her name, and job position duties. Colón also informed Pérez that the past Executive Director, José Fuentes, had assigned Colón to a work unit that did not exist.

92.     On August 2, 2024, Executive Director Pérez Caballero approached Colón and inquired if she was interested in helping him with his duties as he needed an employee that knew about the program, and he understood that Colón was the best choice. Colón accepted this new job task but advised that she was not a secretary. He told Colón he was interested in evaluating her for a job reclassification, because he knew she performed a lot of work, and he needed her to help him with more tasks.

Complaint
Colón v. Municipality of San Juan *et al.*
Page 22

93.     On August 16, 2024, Pérez Caballero approached Colón once again to request that she supervise the One Stop Career Center and that she needed to decide quickly if she wanted this job so that she could be evaluated for this position. On that same day, Colón became aware that Executive Director Pérez Caballero had instructed Morant to send Colón for evaluation.  This personnel change was contingent on the resignation of Ángel Caraballo, who had indicated that he was about to resign.

94.     On August 19, 2024, Executive Director Pérez advised Colón that she had only qualified for two positions. Colón requested him to verify what those two positions were. Colón also informed Executive Director Pérez that she had previously qualified for more positions and questioned him on why now she only qualified for two (2). Colón further asked Executive Director Pérez as to whether he had requested Morant for Colón to be evaluated only for those two positions. Pérez replied that he had requested Morant to evaluate Colón for all the positions that she is qualified for.

95.     Colón then informed Executive Director Pérez that she did not agree with her personnel evaluation related to the job positions that Colón could occupy because she understood that she qualified for other positions and further thanked him for considering her. Colón further informed Pérez that she wanted to be evaluated for all those positions that she qualified for because she had previously sent Morant her academic transcript, resume along with the SP1 document, which Morant failed to send to the Human Resources Department, so that Colón could be adequately evaluated.  All of this took place because Morant wanted to be reclassified as a Special Assistant.

96.     On August 20, 2024, Zoryleen Maldonado was named as Executive Official with a substantial salary, without having knowledge of the federal law Colón's Department works with or the different processes, without first considering what current employees, including Colón,

Complaint
Colón v. Municipality of San Juan *et al.*
Page 23

would have been eligible for such position, and complying with the applicable public civil service employment laws.

97.    On August 22, 2024, Carmen Morant was considered to be reclassified to the position of Special Assistant (one of the positions Colón should have been reclassified to), and Morant sent her documents along with the others to the Human Resources Office to be evaluated.

98.    On August 27, 2024, Colón was summoned to Carmen Morant's office to sign a new SP1 Job Description were the same job duties that she previously performed under former Director Frances Ortiz were listed, but adding the job position of Functional Auxiliar Managerial II ("Puesto Funcional de Auxiliar Gerencial II"). When Colón asked Morant about this position, she replied that this was the position where the new Executive Director Noel Pérez wanted Colón to be reclassified to. Colón then requested Morant the Study of Academic Preparation and Experience, which Morant replied to Colón that she was going to send it during the day. Since Morant did not send Colón this document, Colón then requested if from Executive Pérez. After Colón reviewed such document, she became aware that it did not state her current academic credentials.

99.    As such, Colón expressly grieved that this study was incorrect considering her academic credentials record that she provided on March 8, 2024.  Such study only stated, from the audit that was performed on Colón's personnel file, that she had more than sixty (60) college credits and that Colón had been named Administrative Assistant since January 2024.

100.  Colón grieved to Morant that she had been repeatedly requesting that she wanted to be evaluated to all positions that she qualified for in the reclassification process within the Municipality of San Juan because ever since she started working there ten (10) years ago, having 136 college credits, she qualified for many job positions and that now she allegedly only

Complaint
Colón v. Municipality of San Juan *et al.*
Page 24

qualify for two, Auxiliar Managerial I and II, as the two highest posts. These posts do not require an academic background, which Colón currently possesses.

101.    However, Colón remarked that she had a bachelor's degree in Information Technology with a concentration in Information Security and that her correct appointment date was January 16, 2014. Notwithstanding, Colón proceeded to sign the SP1 job description form under protest so that she would not remain helpless, not receive a salary increase, remain stuck in a lower classification and to be duly compensated for the job duties she had been performing.

102.    Colón further grieved that the reclassification that was carried out and salary raise that she was given was not what she was entitled to. Colón reiterated that the job position that she was entitled to was Special Assistant or higher, whose functions she had performed since 2014 when she started working at the Municipality of San Juan.

103.    On August 28, 2024, Colón once again engaged in protected activity, grieved to Carmen Morant and reiterated what she had requested in her prior email dated August 27, 2024, where she had been continuously requesting a proper job reclassification. Colón further demanded that the reclassification process be completed before the electoral ban went into effect, that her professional advancement opportunities not be affected and that the public personnel merit system be followed in her requests for a job reclassification.

104.    On that same date, August 28, 2024, Pedro Velázquez, office chauffeur, communicated to Colón that he was annoyed with Carmen Morant because she had referred Iris Medina to be evaluated for a job reclassification and that he (Velázquez) had only requested a modification to his salary based on a differential via exception and that Morant had ignored his request. That same evening, Velázquez showed Colón the message that he had sent on this matter to the Mayor of San Juan, stating that he was upset and that he had not even been

Complaint
Colón v. Municipality of San Juan *et al.*
Page 25

considered for a job reclassification or the modification of his salary, he only asked for a differential salary be put into effect and neither of the requests were considered.

105.    On August 29, 2024, Executive Director Pérez spoke with Velázquez and shortly thereafter, Morant called him to her office to request his credentials so as to send them to the Human Resources Department, while Colón was still waiting for Morant to contact her with news from the Human Resources Department to inform that her incorrect job evaluation had been fixed on time in order to be  reclassified to the correct job position and not to an inferior job classification.

106.    On August 30, 2024, Colón received an email from Morant that stated: "Effective August 29, 2024, you are notified of your designation as administrative liaison person with Mr. Ángel Caraballo Ruiz, for the Counselling Unit, One Stop Career Center  and the Outreach Unit for compliance with the programmatic requirements established by the WIOA law, guidelines and regulations issued by the Labor Development program of the Department of Economic Development and Commerce, Labor Development Department of the Municipality of San Juan and/or any instructions received by such individual and signed by Mr. Noel Pérez, Director."

107.    Colón continues to carry out the tasks that she has always performed and those that have been added since Mr. Pérez was appointed Executive Director. At that time, the Executive Director continued to assign Colón more tasks such as: keeping his agenda, coordinating his meetings, receiving the correspondence and distributing it to whom it corresponds, be part of his work team (staff), verify everything that is brought to him for his signature and evaluate that everything is correct before he signs it, planning activities, preparing the meeting agenda, drafting reports requested from the different areas, follow up with supervisors and employees on pending issues, among other job duties.

Complaint
Colón v. Municipality of San Juan *et al.*
Page 26

108.   Executive Director Pérez lacks the required knowledge of the processes and the law and has asked Colón to advise him and work directly with him. Coincidentally, on Friday, August 30, 2024, Colón spent the entire day with her colleague Marilyn Irene correcting errors in the budget that were caused by other colleagues to be able to reverse the deficient work that had been done, so that the program's accounts were not in the negative. With the letter dated August 30, 2024, Colón was further assigned more job responsibilities, has had no response to her requests for a job reclassification, and she does not know if her personnel transaction request was in fact processed along with the others, including Morant's.

109.   Morant's position was not in the specification nor contemplated for reclassification, but through an abuse of power by working directly in the Department Human Resources, Morant managed to present falsehoods to Executive Director Pérez, who was unaware of the processes and even told him at her convenience, to include herself in the reclassification process so that she could be reclassified.

110.   On Thursday, September 5, 2024, Carmen Morant notified Colón a letter from the Municipality of San Juan's Office of Labor Relations' Director, Mrs. Rina Crespo. Through such letter, Colón was notified with her personnel reclassification to the position of Auxiliary Managerial II, with an assigned monthly salary of $3,762.00 and a salary increase of $647.00.

111.   On the following day, September 6, 2024, Colón became aware that through her job reclassification process, other employees' positions were reclassified, such as Teresa Pagán, Iris Medina, Manuel Guardiola and Maria del C. Bruno, the last two colleagues work with the Local Board, but were not in the Job Specification nor were they scheduled to be reclassified. As for Carmen Morant, Colón was told that her case was not processed even though she sent it to be considered.

Complaint
Colón v. Municipality of San Juan *et al.*
Page 27

112.    In Manuel Guardiola's case, he was reclassified from Employee Promoter earning a $3,323.00 monthly salary, to the position of Special Assistant, with a salary of $4,616.00, receiving a $1,293.00 increase. Iris Medina was further reclassified to the position of Administrative Assistant, without performing the functions of such classification and without even being expected to be reclassified.

113.    Colón has yet to receive any response to her multiple requests for the Office of Human Resources to evaluate her personnel file further to her credentials, knowledge and job duties.

114.    On September 6, 2024, Colón's co-worker Ángel Caraballo Ruiz, Special Assistant in charge of the One Stop Career Center, Counselling and Outreach Unit, resigned and after his resignation, Colón was designated to be in charge of his former areas, along with her job description duties, the ones assigned, the ones she performs for Executive Director Pérez and with the Individual Accounts that she continues to perform since Lydia Acevedo's retirement.

115.    On that same date, September 6, 2024, Executive Director Pérez asked Colón if she had any issues with her designation before notifying it to other work areas. Colón replied to the Executive Director that she was not in agreement because Morant had induced others into committing an incorrect reclassification of her job position. Colón was now being assigned more work areas, she was in charge of personnel and more functions and was reclassified incorrectly because Morant wanted the Special Assistant position for herself, while Colón was reclassified to an incorrect job classification and forced to earn less salary than other employees with less tasks and responsibilities.

116.    The Executive Director conceded to Colón that Morant had induced him to commit an error, but that in January 2025, after the electoral ban had elapsed, he would have Colón reevaluated correctly and have her job position be reclassified appropriately. The Executive

Complaint
Colón v. Municipality of San Juan *et al.*
Page 28

Director further promised Colón that he was going to follow up with Shagel Buxó, from the Human Resources Department, to verify if it was her who had failed with Colón's job reclassification evaluation or if in fact, it was Morant who did not send her credentials. However, Colón informed Executive Director Pérez that it had been Morant, since the Human Resources Department only limits itself to work on what was requested to them and sent.  If Morant never sent Colón's credentials as she should have, the Human Resources Department was not going to have them in her personnel file. Executive Director Pérez then promised Colón that he was going to wait for Human Resource's response and that he would let Colón know what their answer was in relation to Colón's job reclassification request.

117.    Morant has undertaken every opportunity to ensure that Colón was not evaluated correctly.

118.    On Friday, October 25, 2024, Mrs. Carmen Morant summoned Colón to her office along with her colleague Andrea Ortiz, who is a supervisor in the Human Resources area, to inform Colón about some job descriptions and evaluations of some employees at the One Stop Career Center whom Colón had supervised since September 2024, who had not been updated. These needed to be updated for the 2024-2025 evaluation period that began on July 1, 2024. This process identifies who the employees are, provides information about if they perform additional tasks and have any designations that should be attached to their job description, as well as if they obtained any credentials or diplomas.  Additionally, this process is required in order to identify if any of them perform additional tasks and/or functions, entitling them to the payment of any salary differential and/or reclassification that could be worked in January 2025, after the Puerto Rico electoral ban.

119.    Morant also requested Colón to update her job description with the new position of Auxiliary Managerial II to which Colón had been reclassified in September 2024 and instructed

Complaint
Colón v. Municipality of San Juan *et al.*
Page 29

her to add the new tasks and the employees that she was in charge of in order to discuss this job description with the Executive Director Pérez.

120.    On this occasion, Morant informed Colón that all the tasks of the employees that she supervised that performed functions outside of their job descriptions could be compensated with the payment of some type salary differential. However, when Colón had been performing tasks outside of her job description for years, she was never compensated for the additional work performed. When the Executive Director Pérez decided to reclassify Colón's position, Morant had not submitted Colón's credentials, which had been given to her and former Executive Director Ortiz since March 2024 and consequently, Colón was reclassified incorrectly.  At present, Colón has been performing more duties, job responsibilities with lesser economic compensation because of Morant's unlawful actions.

121.    The job posting to which Morant boxed Colón into following the erred "reclassification" required, according to the Job Description and the modification to the Classification Plan for the Career Service employees of the Municipality of San Juan, a High School Diploma and eight (8) years of administrative or professional experience, two (2) of these years performing functions in complexity and nature similar to those performed by an Auxiliary Managerial I "Auxiliar Gerencial I". In accordance with the above, since Colón started working at the Municipality of San Juan in 2014, she has performed tasks of greater complexity than those of the position to which she was appointed (Administrative Assistant) Grade 11 Scale and the one she was subsequently reclassified to.

122.    In 2021, when there was a change in the administration, the former Executive Director Frances Ortiz added more tasks to Colón, and she was never reclassified to her current position (Auxiliary Managerial II) because at that time she did not have a college degree, and this academic requirement was unnecessary.

Complaint
Colón v. Municipality of San Juan *et al.*
Page 30

123.    Colón was also included in the 2023-2024 Job Specification in a transaction that was never carried out and that involved a salary increase of $400 in steps based on merit.

124.    At that time, Colón earned a monthly salary of $2,990, with all the previous and added tasks and responsibilities. It is not until January 2024, when Mayor Hon. Miguel Romero gave a salary increase of $125 to all employees, which led Colón to earn a monthly salary of $3,115 and then for the month of July, as agreed with the Puerto Rican Workers Union ("Sindicato de Trabajadores de Puerto Rico (SPT)", there was an increase for all employees of $50, which in turn, increased her monthly salary to $3,165. These increases did not represent payment or remuneration for the additional tasks and functions performed by Colón but were offered to all municipal employees equally.

125.    Colón was never granted the $400 increase approved in the 2023-2024 Specification, nor was she considered to be paid any differential or reclassification corresponding to the job position to which she was currently reclassified to, which only requires having a High School Diploma, since as of February 2024 she had 136 university credits, but did not have a bachelor's degree.

126.    On February 28, 2024, Colón completed her university studies, and her credentials along with her job description were promptly delivered on March 8, 2024 to Morant, so that she could send them for evaluation at the Labor Relations' Department of the Municipality of San Juan as instructed by the Executive Director, Mrs. Frances Ortiz.

127.    It was not until August 2024, when Mr. Noel Pérez began as Executive Director of the Department, that he informed Morant of his intention to reclassify Colón due to all the additional tasks she performed, in addition to his intention to assign Colón as the person in charge of  The One Stop Career Center, Outreach and Counselling Units once her colleague Ángel Caraballo resigned at the end of the month.

Complaint
Colón v. Municipality of San Juan *et al.*
Page 31

128.    Morant, having full knowledge that she had not sent Colón's credentials to her personnel file as requested, she sent Colon for an incorrect job evaluation. Morant fully knew that she never sent Colón's correct academic credentials so as to update her personnel file as shown in the communication sent by Ms. Shagel Buxó, HR Analyst, where she stated that Colón's personnel file certified that she had more than sixty (60) college credits from the University of Turabo, which Morant purposefully never corrected.   Due to Morant's unlawful actions Colón was reclassified to the position of Auxiliary Managerial II, with an approved monthly salary of $3,762.00, with an increase of $597.00, since her prior monthly salary was $3,165.00

129.    In that same personnel transaction, Mr. Manuel Guardiola, who performs fewer tasks and has fewer responsibilities than Colón, was evaluated for the position of Special Assistant and was approved for a monthly raise of $1,303.00, since his previous salary was $3,263.00 and it was raised to $4,616.00 as a result of his reclassification from Promoter to Special Assistant.

130.    Mr. José Fuentes, who was justified in receiving a salary increase due to a change in the complexity of his duties, when he always served as Auxiliary Director assigned to the Local Board.  He was verbally assigned as Executive Director from July 1, 2024 to August 1, 2024,  due to Frances Ortiz' change of department.   He was granted a monthly raise of $1,293.00, his previous salary $3,454.00 and was raised to $4,747.00.

131.    Among other cases, such as that of Iris Medina, who was reclassified for the position of Administrative Assistant due to a change in duties, received a monthly salary increase of $613. Her previous monthly salary was $1,891.00 and it was raised to $2,504.00.  María del C. Bruno was reclassified due to a change in the complexity of her tasks, when she has always performed the same tasks, assisting the Local Board, received an increase of $731, her previous monthly salary was $2,255.00 and it was raised to $3,057.00. Teresa Pagán who was reclassified

Complaint
Colón v. Municipality of San Juan *et al.*
Page 32

due to a change of functions with an increase of $499.00, her previous monthly salary was $3,072.00 and it was raised to $3,571.00. Evelyn Cruzado, where only steps were approved, received a monthly salary increase of $286.00, her previous monthly salary was $2,771.00 and it was raised to $3,057.00. Diana Hernández received a salary increase when steps were justified indicating that she was in charge of the Administration area, when she has been in charge of that area since the last administration and was reclassified at that time for those same functions. She was granted a monthly salary increase of $618.00; her previous monthly salary was $3,762.00 and it was raised to $4,380.00.

132.    During the month of September 2024, employee Zoryleen Maldonado was recruited as an Executive Officer. She is paid through ordinary funds and earns an approximate monthly salary of $4,800.00. This person has no knowledge of the law, or the work performed by Colón's office.

133.    Another important fact is that all employees who work or collaborate directly with the Local Board were given higher salaries in their transactions than others that didn't. All of these employees are members of or support the PNP and some were not considered in the Job Specification 2023-2024.

134.    If from March 2021 to March 2024, Colón had been reclassified to the Auxiliary Managerial II position with the current monthly salary of $3,762.00 assigned to Colón, she would have had a salary increase at that time of $772.00 per month, since her salary was $2,990.00. If we add to that the $400.00 per month increase approved in the 2023 Specification that was never processed for the work performed, the monthly increase would have amounted to $1,172.00 as unearned wages due to the poor and discriminatory management conducted by Morant in charge of the Human Resources area of the Department.

135.    If, since March 2024, Colón had been correctly reclassified to the position of Executive Officer, whose functions she has performed, is currently performing, and she has the knowledge and its currently approved in the 2024-2025 Job Specification with a monthly salary of $6,116, it states therein: "The recruitment process will continue once the electoral ban ends," Colón would have earned a difference in salary from March to November 2024 equivalent to $3,001.00 per month, considering the salary earned for the month of March, which was $3,115.00.

## IV. FIRST CAUSE OF ACTION
### (TITLE VII: Gender Discrimination, and Retaliation)

136.    Plaintiff Colón re-alleges each preceding allegation as if fully set forth herein and incorporates them herein by reference.

137.    MSJ and its agents have willfully violated Title VII's provisions by engaging in discriminatory employment practices and retaliation against Colón on account of her gender and because she engaged in statutorily protected activities.  MSJ and its agents have engaged and permitted Colón to be subject to gender employment discrimination and retaliation. As such, MSJ is liable in compensatory damages against Colón for its unlawful conduct.

138.    Colón hereby requests both back and front pay, that she be appointed to the correct job classification of Executive Official, and that she be compensated for her economical and emotional damages. Plaintiff Colón demands compensation for these damages in an amount not less than $300,000.00.

139.    Colón prays that judgment be entered on her behalf and against MSJ and that she be awarded all relief available to her by law.

Complaint
Colón v. Municipality of San Juan *et al.*
Page 34

## V. SECOND CAUSE OF ACTION
### (ADEA: Age Discrimination)

140.    Plaintiff Colón re-alleges each preceding allegation as if fully set forth herein and incorporates them by reference hereto.  Defendant MSJ has further violated Plaintiff Colón's rights under the ADEA due to its engagement in unlawful employment practices against her due to her age.

141.    Plaintiff Colón hereby requests backpay and front pay, that she be appointed to the correct job classification of Executive Official, and that she be compensated for her economic and emotional damages. Plaintiff Colón demands compensation for these damages in an amount not less than $300,000.00.

142.    Colón prays that judgment be entered on her behalf and against MSJ and that she be awarded all relief available to her by law.

## VI. THIRD CAUSE OF ACTION
### (Violation to the United States' and Commonwealth of Puerto Rico's Constitutions)

143.    Plaintiff Colón re-alleges each preceding allegation as if fully set forth herein and incorporates them by reference hereto. Colón's constitutional rights under the First and Fourteenth Amendments of the United States Constitution have been violated as she was discriminated against due to her political affiliation and beliefs; because she petitioned the MSJ for the redress of her damages. Colón's substantive and procedural due process rights under the Fourteenth Amendments were infringed by Defendants MSJ and Morant.

144.    Defendants MSJ and Morant have further violated Plaintiff Colón's constitutional rights under Article II, Sections 1, 8, and 16 of the Commonwealth of Puerto Rico's Constitution by violating her protected rights to privacy, dignity, reputation, safety and health at the workplace and discriminating against her on the basis of her gender, age and political beliefs.

Complaint
Colón v. Municipality of San Juan *et al.*
Page 35

145.    Plaintiff Colón is entitled to compensatory damages and back pay and front pay. Plaintiff Colón suffered considerable economic and personal damages as a result of Defendants MSJ's and Morant's unlawful conduct. Plaintiff Colón demands compensation for these damages in an amount not less than $500,000.00.

## VII. FOURTH CAUSE OF ACTION
### (Violation to Puerto Rico Laws Nos. 115, 69, 8 and Arts. 1546, 1540 of Puerto Rico´s Civil Code, (2020))

146.    Plaintiff Colón re-alleges each preceding allegation as if fully set forth herein and incorporates them by reference hereto.  Defendants have violated Colón's rights secured under Puerto Rico Acts Nos. 115, 69, 8 and Articles 1536 and 1540 of Puerto Rico's Civil Code previously cited herein.  Defendants have discriminated against Colón on account of her gender, age, political beliefs and further retaliated against her for having engaged in statutorily protected conduct.

147.    Plaintiff Colón is also entitled to compensatory damages, including back pay and front pay.

148.    Plaintiff Colón hereby requests back pay and front pay and that she be compensated for her economic and emotional damages. Plaintiff Colón demands compensation for these damages in an amount not less than $300,000.00.

**WHEREFORE**, premises considered, Plaintiff Colón prays that this Honorable Court enter Judgment against defendants and grant her the following relief:

(a)    An award of compensatory damages, including but not limited to back pay and front pay and prejudgment interests, of not less than $2,000,000.00;

Complaint
Colón v. Municipality of San Juan *et al.*
Page 36

(b)      **BACK PAY COMPUTATION CHART**

| YEAR | POSTS | MONTHLY SALARY | POSTS | SALARY THAT SHOULD HAVE BEEN EARNED | DIFFERENCE | MONTHS | TOTAL AMOUNT OWED |
|---|---|---|---|---|---|---|---|
| MARCH 2021-MARCH 2024 | ADMINISTRATIVE ASSISTANT | $2,990 | AUXILIARY MANAGERIAL II | $3,762 | $772 | 36 | $27,792 |
| JUL. 2023-PRESENT | | $400 RAISE | | | | 21 | $8,400 |
| MARCH 2024-PRESENT | AUXILIARY MANAGERIAL II | $3,165 | EXECUTIVE OFFICIAL | $6,113 | $2,948 | 13 | $38,324 |
| | | | | | | | $74,516 |

(c)      **FRONT PAY COMPUTATION CHART**

| YEARS | MONTHS | JOB POSITION | SALARY | TOTAL |
|---|---|---|---|---|
| **2025-2050** | **300** | **EXECUTIVE OFFICIAL** | **$6,113.00** | **$1,833,900.00** |
| | | | | |

(d) An award of double compensatory damages under Acts Nos. 115, and 69;

(e) An award for costs and reasonable attorney fees;

(f) Any other and further relief, which this Honorable Court may deem just, and proper, and

(g) A trial by jury.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 1st day of May 2025.

Complaint
Colón v. Municipality of San Juan *et al.*
Page 37

In San Juan, Puerto Rico, this 1st day of May 2025.

**DESPACHO LEGAL DORNA-LLOMPART**

**f/ JOSE G. FAGOT DIAZ**
**USDC PR No. 204112**
Attorney for Plaintiff
1353 Luis Vigoreaux Ave.
PMB 805
Guaynabo, PR 00966
Phone:(787) 367-8702
Email: jgf@fagot-law.com
josegabrielemilio@gmail.com